Ruffih, I.
 

 An appeal bond is required for the security
 

 of the Appellee; and for his better security, the statute provides that there shall be “ two sureties.” But as the bond is intended for the benefit of the appellee, it is entirely competent for him to renounce it, either wholly or in parti It was upon this maxim, that it was held, as far back as
 
 Dr. Wm. Dreiory’s case,
 
 cited 10 Rep. 100, in debt on a bail bond to the sheriff, that the bond was- good, though given by one surety, and the statute used plural words. The same point was determined here in
 
 Arrenton
 
 v.
 
 Jordan,
 
 4 Hawks 28. That case held further, that a
 
 scire facias
 
 would lie on such a bond; and thus established, that the principle extends to all remedies, as well those under the statute as those at common law. Now, the language of the 69th section of the Act of 1771, ch. 115, respecting bail bonds, is precisely the same as- that of the 75th section respecting appeal bonds, each requiring the bond, “with two sufficient sureties.” The reasoning and decision of
 
 Arrenton
 
 v.
 
 Jordan
 
 is.therefore in point here. The terms, in which the sureties are to be bound, cannot, indeed, be substantially varied; or, if they are, the obligee cannot entitle himself to the remedy of the statute, but must get on as well as he can at common law. But an objection, founded solely on the number of
 
 *217
 
 sureties, cannot impair the obligation of the bond, or impede any remedy on it; because the obligee though he might, is not bound to, insist on the provisions of the Act in his favor, being strictly observed in that respect.
 

 Per Curiam. Judgment affirmed.